UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSE RIVERA,

                              Plaintiff,

                                                        DECISION AND ORDER

                                                        04-CV-6279L

           v.

KATHLEEN WASHBURN,
ANGELA BARTLETT,
BARRY CAPELL,
GLENN S. GOORD,
JANE/JOHN DOE,
JOHN-DOE AUGUSTINE,
JOHN-DOE HILLIARD
JOHN-DOE KERBEIN,
JOHN-DOE MARSHALL,
JOHN-DOE W. CARPENTER,
MICHAEL MCGINNIS,
DONALD SELSKY,
LAWRENCE WEINGARTNER,

                              Defendants.
_____

       Plaintiff, Jose Rivera, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that his constitutional rights have been violated in a number of respects by defendants, all of whom were at all relevant times officials or employees of DOCS.

On October 10, 2007, the Court *sua sponte* issued an order directing the parties to show cause in writing, by November 13, 2007, why the action should not be dismissed for failure to prosecute pursuant to Local Rule 41.2.[1]  At that point, there had been no activity in the case in nearly a year.

The order to show cause was mailed to plaintiff at his address then on file, in Bronx, New York.  On or about October 17, 2007, plaintiff contacted the Clerk of the Court, notifying the Court that his address had changed to Great Meadow Correctional Facility.  The Court therefore re-sent the order to show cause to plaintiff at Great Meadow, giving him until December 14, 2007 to respond.

Plaintiff responded to the order to show cause on December 11, outlining the difficulties he has had since his release from incarceration in December 2005, including some time in homeless shelters, and leading up to his reincarceration in 2007. Dkt. #46.  He states that he has had little time or opportunity to take any action in this case or communicate with the Court, but that he had not deliberately ceased to prosecute the case.

On December 14, 2007, defendants moved to dismiss the case for failure to prosecute.  In support of their motion, defendants contend that "[p]laintiff has not demonstrated that the failure to

---

[1]Local Rule 41.2 provides:

    (a) If a civil case has been pending for more than six months and is not in compliance with the directions of the Judge or a Magistrate Judge, or if no action has been taken by the parties in six months, the Clerk shall issue a written order to the parties to show cause within thirty days why the case should not be dismissed for failure to prosecute.  The parties shall respond to the order by sworn affidavits explaining in detail why the action should not be dismissed.  They need not appear in person.  No explanations communicated in person, over the telephone, or by letter shall be acceptable.

    (b) If the parties fail to respond as required in section (a), the Judge may issue a written order dismissing the case for failure to prosecute or providing for sanctions or making other directives to the parties as justice requires.

comply [with his obligation to keep the Court apprised of his current mailing address at all times] was based on reasons beyond his control." Dkt. #48 ¶ 3. Defendants also note that plaintiff has not filed an amended complaint, as contemplated by the Court's order (Dkt. #43) adopting Magistrate Judge Payson's Report and Recommendation (Dkt. #41) recommending that plaintiff be permitted to amend his complaint.

In his response to defendants' motion, plaintiff contends that he has notified the Court within a reasonable time whenever his mailing address has changed. As to his failure to file an amended complaint, plaintiff states that many of his documents were lost or stolen while he was living in homeless shelters, and that he left other documents in the possession of his cousin, with whom plaintiff has lost contact. Plaintiff asks the Court to provide him with "a courtesy copy of the file" in this action. Dkt. #49 at 2.

With respect to defendants' motion to dismiss for failure to prosecute, the Second Circuit has stated its "clear preference ... for cases to be adjudicated on the merits." *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 174 (2$^d$ Cir. 2001); *accord Brien v. Kullman Indus., Inc.*, 71 F.3d 1073, 1077 (2$^d$ Cir. 1995); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2$^d$ Cir. 1993). The Court of Appeals has also admonished that "dismissal is 'a harsh remedy to be utilized only in extreme situations.'" *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 312 (2$^d$ Cir. 1986) (quoting *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2$^d$ Cir. 1972) (per curiam)). In light of those concerns, plaintiff's *pro se* status, and his responses to the order to show cause and defendants' motion, the Court denies defendants' motions to dismiss at this time. I do, however, remind plaintiff

of his continuing obligation to keep the Court apprised of his current mailing address at all times, and to comply with all Court orders.

I also deny plaintiff's request for a "courtesy copy" of the entire file. *Pro se* litigants do not have a general right to free copies of court documents. *See*, *e.g.*, *Pearson v. Green*, No. 3:06CV175, 2006 WL 1529495, at *1 (N.D.Fla. May 31, 2006) ("regardless of plaintiff's status as a pauper in any case, he is not entitled to free copies of the court files in his civil cases"). Furthermore, some of the documents in this case (such as expired scheduling orders) would clearly be of little or no use to plaintiff in prosecuting this case. If plaintiff seeks copies of some particular documents, he must therefore identify those documents, as explained in the Conclusion of this Decision and Order.

## CONCLUSION

Defendants' motion to dismiss the complaint for failure to prosecute (Dkt. #47) is denied.

Plaintiff's request for a "courtesy copy" of the file in this case is denied. The Clerk of the Court is hereby directed to mail to plaintiff, along with a copy of this Decision and Order, a copy of the docket sheet in this action. If plaintiff would like copies of particular documents, he must identify the specific documents that he seeks. Plaintiff will then be advised by the Court of any copying fees that he must pay to receive copies of those documents.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      January 10, 2008.